IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANK O. LOHER, | ) CIVIL NO. 11-00731 LEK-KSC |
| | ) |
|    Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT IN |
|    vs. | ) PART AND DENY IN PART |
| | ) AMENDED PETITION UNDER 28 |
| TODD THOMAS, | ) U.S.C. § 2254 FOR WRIT OF |
| | ) HABEAS CORPUS BY A PERSON |
|    Respondent. | ) IN STATE CUSTODY |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART AMENDED PETITION UNDER 28 U.S.C. § 2254 FOR
<u>WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

Before the Court is Petitioner Frank Loher's ("Loher") Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Amended Petition"), filed May 7, 2012. Respondent Todd Thomas ("Respondent") filed an Amended Answer on May 23, 2012, and Loher filed a Reply on June 22, 2012.

After careful consideration of the Amended Petition, the parties' submissions, and the applicable law, the Court HEREBY FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART the Amended Petition for the reasons set forth below.

BACKGROUND[1]

A.   Charges, Trial, Sentencing, Direct Review

On August 19, 1999, Loher was charged with:

1) Attempted Sexual Assault in the First Degree, in

violation of Hawaii Revised Statutes ("HRS") §§ 705-500

(1993) and 707-730(1)(a) (1993) and 2) Attempted

Kidnapping, in violation of HRS § 707-720(1)(d) (1993).

On November 17, 2000, the circuit court jury found

Loher guilty of Attempted Sexual Assault in the First

Degree, and acquitted him of Attempted Kidnapping.

On January 11, 2001, the State filed a motion

for extended and consecutive terms of imprisonment,

pursuant to HRS §§ 706-661, 706-662(1), and

706-662(4)(a), and a motion for sentencing of repeat

offender.  On July 18, 2001, following a hearing on the

State's motions, the circuit court granted the motion

_____

[1]   The facts herein are taken from the Amended
Petition, the Motion, State v. Loher, 106 Hawai'i 478,
106 P.3d 1121 (Table), 2005 WL 335234, at *3 (Haw. Ct.
App. Feb. 11, 2005) ("Loher II"), Loher v. State, 118
Haw. 522, 538, 193 P.3d 438, 455 (Haw. Ct. App. 2008)
("Loher III"), and Loher v. State, 2011 WL 2132828
(Haw. Ct. App. May 31, 2011) ("Loher IV").

2

for extended term, finding that Loher was a persistent offender within the language of HRS § 706-662(1). Resp.'s Ex. E at 21-22. The circuit court also granted the motion for sentencing of repeat offender, concluding that Loher met the criteria for sentencing as a repeat offender based on his prior convictions and then conviction. Id. at 22. In particular, the circuit court found that an extended term of imprisonment was necessary for the protection of the public due to the following: rehabilitation is unlikely to be achieved within an ordinary term of imprisonment; Loher is a sex offender with an extensive criminal history; Loher committed the offense for which he was being sentenced while on parole; Loher performed unsatisfactorily while on parole due to non-compliance and parole was ultimately revoked; Loher used his vehicle to commit multiple offenses, giving rides or abducting females and making sexual advances; and Loher had the benefit of sex treatment programs, but has not benefitted from such services. Id. at 21; Resp.'s Ex. G at 3.

The circuit court sentenced Loher to life with the possibility of parole, and ordered that he serve a mandatory minimum term of 13 years and four months. Resp.'s Ex. E at 22.  That same day, a judgment of conviction and sentence issued.  Resp.'s Ex. F.  On July 30, 2001, the circuit court issued a Findings of Fact, Conclusions of Law and Order Granting State's Motion for Extended and Consecutive Terms of Imprisonment.  Resp.'s Ex. G.

On August 15, 2001, Loher, represented by counsel, filed a notice of appeal.  On appeal, Loher claimed there was insufficient evidence to convict him, ineffective assistance of trial counsel, instructional error, and sentencing error.[2]  On April 21, 2003, the Hawaii Intermediate Court of Appeals ("ICA") rejected Loher's arguments and affirmed his conviction in a memorandum opinion.  State v. Loher, 103 Hawai'i 313,

_____

[2] Loher's appellate counsel did not raise Loher's claims of forced testimony or his illegally extended sentence based on Apprendi v. New Jersey, 530 U.S. 466 (2000), which are the grounds for relief he raises in this Amended Petition.

81 P.3d 1228 (Table) (Haw. Ct. App. Apr. 21, 2003)

("Loher I").  On May 27, 2003, the Hawaii Supreme Court

granted *certiorari*, but approximately two weeks later,

on June 16, 2003, it rescinded the order, finding that

review on *certiorari* had been "improvidently granted."

Resp.'s Ex. M.

B.   Post-conviction: Rule 35 Motion

On May 16, 2003,[3] after the ICA had affirmed

his conviction and sentence but before the Hawaii

Supreme Court denied *certiorari*, Loher, proceeding *pro*

*se*, filed a post-conviction Motion for Correction of

Illegal Sentence, pursuant to Hawaii Rules of Penal

Procedure ("HRPP") Rule 35 (2002) ("Rule 35 Motion").

In his Rule 35 Motion, Loher alleged that the circuit

court erred in extending his sentence, in running the

term consecutively to his three continuing sentences,

and in imposing a mandatory minimum term upon him as a

---

[3]   Multiple state court opinions cite May 20, 2003, as the date that Loher filed his Rule 35 motion, but it appears that it was filed on May 16, 2003.  Resp.'s Ex. N.

repeat offender.  Loher made numerous arguments in support of this claim.  Relevant to this Amended Petition, Loher argued that _Apprendi_ prohibited the circuit court from finding the facts necessary to impose his extended term.

On July 16, 2003, the circuit court denied Loher's Rule 35 Motion.  Loher appealed, and on February 11, 2005, the ICA affirmed the circuit court, finding in pertinent part, that Loher's _Apprendi_ argument was foreclosed by _State v. Rivera_, 106 Hawai'i 146, 102 P.3d 1044 (2004).  _Loher II_, 2005 WL 335234, at *3.  On June 7, 2005, Loher sought review with the Hawaii Supreme Court.[4]  On June 17, 2005, the Hawaii Supreme Court denied Loher's petition for _certiorari_ as untimely.  Resp.'s Ex. V.

C.   Post-conviction: Rule 40 Motion

On October 18, 2005, Loher filed another _pro se_ post-conviction petition, this time pursuant to HRPP

---

[4] Loher's petition for _certiorari_ was signed on May 17, 2005.  Resp.'s Ex. U.

40. Loher asserted numerous grounds for relief, including circuit court error for failing to sentence him in accordance with Apprendi, and ineffective assistance of trial and appellate counsel, based on the argument that he was forced to testify before the defense presented its witnesses. On March 16, 2006, the circuit court denied Loher's Rule 40 motion without a hearing, stating that Loher's claims were patently frivolous and without a trace of support in the record or from the evidence submitted. Loher appealed.

On July 14, 2008, the ICA affirmed the circuit court in part and vacated in part. The ICA held that Loher's counsel was not ineffective for failing to raise an Apprendi claim on direct appeal, because it would have been rejected under then-existing Hawai'i law, and that Loher's free-standing Apprendi claim was not cognizable on collateral review. See Loher III, 118 Haw. at 538, 193 P.3d at 455. The ICA remanded Loher's forced testimony claim to the circuit court for an evidentiary hearing to determine whether his counsel

was ineffective for failing to raise the claim.  Id.
Judgment on appeal was filed on September 8, 2008.

Loher was appointed counsel and an evidentiary
hearing was held on his forced testimony claim on
January 7, and 28, 2009.  On April 14, 2009, the
circuit court issued its Findings of Fact, Conclusions
of Law ("FOF & COL"), denying the claim.  Resp.'s Ex.
LL.

On July 7, 2009, Loher sought *certiorari* review
of the ICA's July 14, 2008 denial of his Apprendi
claim.  On August 5, 2009, the Hawaii Supreme Court
dismissed the petition for lack of jurisdiction,
finding it was untimely.

On May 31, 2011, the ICA affirmed the circuit
court's FOF & COL.  Loher IV, 2011 WL 2132828, at *1.
Judgment on appeal was entered July 19, 2011.  On
October 17, 2011, Loher's appellate attorney filed a
petition for writ of *certiorari*, limited to the denial
of Loher's forced testimony claim.  On November 7,
2011, Loher filed a second petition for writ of

8

*certiorari pro se*, raising, *inter alia*, his <u>Apprendi</u> claims and his forced testimony claims.  On November 11, 2011, the Hawaii Supreme Court rejected Loher's appellate attorney's petition for *certiorari* and dismissed Loher's *pro se* application.

D.   <u>District Court Proceedings</u>

Loher filed his original Petition on December 6, 2011, raising six grounds for relief.  On December 8, 2011, the Court issued an Order to Show Cause and Answer Petition and Granting In Forma Pauperis Application.  On January 24, 2012, Respondent filed an Answer.  Loher filed a Reply on February 10, 2012. That same day, he also filed a Motion to Appoint Counsel.  In response, the Court issued an Order Referring Case to Public Defender for Review on February 28, 2012.  The Court subsequently issued an Order Granting Motion for Appointment of Counsel on March 28, 2012.

On May 7, 2012, Loher filed an Amended Petition, asserting three grounds for relief:  1) the

circuit court violated his rights to due process and against self-incrimination under the Fifth and Fourteenth Amendments to the United States Constitution and <u>Brooks v. Tennessee</u>, 406 U.S. 605 (1972) by requiring him to choose, at the start of his case-in-chief and before any other defense witnesses had testified, between testifying immediately or waiving his right to testify; 2) appellate counsel provided him with ineffective assistance of counsel by failing to raise the <u>Brooks</u> claim on direct appeal; and 3) the circuit court violated his rights to due process and jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and <u>Apprendi</u> by imposing an extended term of imprisonment based on judge-found facts.

<u>STANDARD OF REVIEW</u>

When a court issues a writ of habeas corpus, it declares that the petitioner is being held in custody in violation of his constitutional or other federal rights.  28 U.S.C. § 2254(a); <u>Harvest v. Castro</u>, 531

F.3d 737 (9th Cir. 2008).  Thus, to obtain habeas corpus relief, a petitioner must demonstrate that his conviction or punishment violates the federal constitution, a federal statute, or a treaty.  28 U.S.C. § 2241(c)(3); <u>Bonin v. Calderon</u>, 59 F.3d 815 (9th Cir. 1995); <u>see also</u> <u>Morris v. Ylst</u>, 447 F.3d 735 (9th Cir. 2006).

All federal habeas petitions filed after April 24, 1996, are governed by The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  <u>Woodford v. Garceau</u>, 538 U.S. 202, 204 (2003); <u>Brown v. Farwell</u>, 525 F.3d 787, 792 (9th Cir. 2008). Under AEDPA, habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); <u>Williams v. Taylor</u>, 529 U.S. 362, 402-04 (2000).

A decision is contrary to federal law if the state court applies a rule of law that contradicts Supreme Court precedent, or if the state court makes a determination contrary to a Supreme Court decision on materially indistinguishable facts.  <u>Brown</u>, 525 F.3d at 792.  A state court unreasonably applies federal law when its application of Supreme Court precedent to the facts of a petitioner's case is objectively unreasonable.  <u>Id.</u> at 793 (citation omitted).

DISCUSSION

A.  <u>Apprendi Violation</u>

Loher argues that the circuit court violated his rights to due process and jury trial under the Sixth and Fourteenth Amendments to the United States Constitution and <u>Apprendi</u> by imposing an extended term of imprisonment based on judge-found facts. Respondent counters that the ICA's determination that

12

State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) is not retroactively applicable was not contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the U.S. Supreme Court.   However, as stressed by Loher, his claim is brought under Apprendi and the Sixth and Fourteenth Amendments, not Maugaotega or Cunningham v. California, 549 U.S. 270 (2007).

Respondent's arguments regarding Loher's Apprendi claim make it clear that Respondent is relying on the ICA's decision with respect to Loher's Rule 40 proceeding.  Loher III, 118 Haw. 522, 193 P.3d 438. However, Loher is challenging the ICA decision from his Rule 35 proceeding.  Loher II, 2005 WL 335234, at *3. Loher submits that because the Hawaii Supreme Court did not address the merits of his Apprendi claim, the ICA decision in the Rule 35 proceeding is the decision that this Court should review.  Indeed, the court must "look through" summary dispositions to the last reasoned decision.  Pham v. Terhune, 400 F.3d 740, 742 (9th Cir.

2005) (citations omitted).

The circuit court denied Loher's Rule 35 motion, and the ICA affirmed the denial of said motion, citing Rivera, 106 Hawai'i at 146, 102 P.3d at 1044, as the basis for the denial.  Loher II, 2005 WL 335234, at *3.  In Rivera, the Hawaii Supreme Court held that Hawaii's extended sentencing scheme did not violate Apprendi.  Rivera, 106 Hawai'i at 156-61, 102 P.3d at 1054-59.

In the present case, the circuit court imposed an extended term, sentencing Loher in 2001 to life with the possibility of parole, and ordering that he serve a mandatory minimum term of 13 years and four months. Resp.'s Ex. E at 22.  The ordinary sentence for a class A felony was an indeterminate term of imprisonment of 20 years.  Haw. Rev. Stat. § 706-659.  However, HRS § 706-661 authorized the court to extend the term of imprisonment to an indeterminate life term of imprisonment, in cases designated in HRS § 706-662.

14

Haw. Rev. Stat. § 706-661.   In order for the circuit court to impose an extended term of imprisonment, it had to determine that Loher was "a persistent offender whose imprisonment for an extended term is necessary for protection of the public."   Haw. Rev. Stat. § 706-662(1).

The circuit court found that Loher was a persistent offender within the language of HRS § 706-662(1), and that he met the criteria for sentencing as a repeat offender based on his prior convictions and then conviction.   Resp.'s Ex. E at 21-22.   Specifically, the circuit court found that an extended term of imprisonment was necessary for the protection of the public due to the following: rehabilitation is unlikely to be achieved within an ordinary term of imprisonment; Loher is a sex offender with an extensive criminal history; Loher committed the offense for which he was being sentenced while on parole; Loher performed unsatisfactorily while on parole due to non-compliance and parole was ultimately

revoked; Loher used his vehicle to commit multiple offenses, giving rides or abducting females and making sexual advances; and Loher had the benefit of sex treatment programs, but has not benefitted from such services.  Id. at 21; Resp.'s Ex. G at 3.

These facts compel the finding that Loher's extended term sentence violates Apprendi because the court, not the jury, found the facts required to extend a sentence pursuant to HRS § 706-662.  According to Apprendi, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490; Kaua v. Frank, 436 F.3d 1057, 1060 (9th Cir. 2006) (holding that a jury must find the facts required to determine if extending a defendant's sentence is necessary for the protection of the public).[5]  Inasmuch as Apprendi had been decided prior

_____

[5]   Respondent asserts that Kaua is not binding precedent under AEDPA.  However, Loher does not challenge his extended sentence as contrary to Kaua; the challenge concerns Apprendi, an unquestionably

16

to Loher's sentencing, the ICA's decision was contrary
to federal law because it applied a rule of law that
contradicted Supreme Court precedent.  Consequently,
Loher is entitled to habeas relief and he should be
resentenced.

B.   Brooks Violation

        Loher argues that the circuit court violated
his rights to due process and against self-
incrimination under the Fifth and Fourteenth Amendments
to the United States Constitution and Brooks by
requiring him to choose, at the start of his case-in-
chief and before any other defense witnesses had
testified, between testifying immediately or waiving
his right to testify.

   1.   Exhaustion

        Respondent argues that Loher has waived his
forced testimony claim by failing to raise it on direct
appeal.  The Court disagrees.  Before a state
petitioner may bring a habeas petition to federal

---

binding Supreme Court case.

court, all of the claims raised must be exhausted in the state courts.  28 U.S.C. § 2254(b)(1);[6] <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  To do so, a petitioner must present his claims to the highest state court, to give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court.  <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 839-40 (1999); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987); <u>Galvan v. Alaska Dep't of Corr.</u>, 397 F.3d 1198, 1201-02 (9th Cir. 2005).  A petitioner may present his claims either on direct appeal or in

---

[6] An application for a writ of habeas corpus shall not be granted unless it appears that:

> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

state collateral proceedings.  See Turner v. Compoy,

827 F.2d 526, 528 (9th Cir. 1987).  "Regardless of

whether or how a petitioner has presented a claim,

however, that claim has been exhausted if the state

courts have in fact ruled on its merits." Ybarra v.

McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (citing

Sandgathe v. Maass, 314 F.3d 371, 377 (9th Cir. 2002);

Greene v. Lambert, 288 F.3d 1081, 1088 (9th Cir.

2002)).  Here, both the circuit court and ICA ruled on

the merits of Plaintiffs' Brooks claim.  Therefore, the

claim has been exhausted.

    2.  Loher is Not Entitled to Habeas Relief on His
        Brooks Claim

    Loher asserts that the ICA unreasonably applied

Brooks to the facts at hand and that its decision was

based on an unreasonable determination of facts.

Respondent counters that there was no unreasonable

application of Brooks and it was not an unreasonable

determination of the facts to find that Loher decided

to testify before the trial court's ruling requiring

him to do so.  After carefully reviewing the state

19

court records, this Court finds that Loher fails to demonstrate that the ICA's decision that the circuit court did not force Loher to testify involved an unreasonable application of Brooks or was based on an unreasonable determination of the facts at hand.

In Brooks, the Supreme Court found unconstitutional a Tennessee statute requiring a defendant desiring to testify to do so before other defense testimony was heard because it violated a defendant's constitutional right to remain silent and infringed on a defendant's due process as defined in Ferguson v. Georgia, 365 U.S. 570 (1961). Brooks, 406 U.S. at 606, 612. The Brooks Court held that a defendant may not be required "to testify first for the defense or not at all." Id. The Court stressed that it was not curtailing the power of a trial judge to set the order of proof, but further held that "the accused and his counsel may not be restricted in deciding whether, and when in the course of presenting his defense, the accused should take the stand." Id. at

613.  The Court reasoned that

> [w]hether the defendant is to testify is
> an important tactical decision as well as
> a matter of constitutional right.  By
> requiring the accused and his lawyer to
> make that choice without an opportunity to
> evaluate the actual worth of their
> evidence, the statute restricts the
> defense-particularly counsel-in the
> planning of its case.

Id. at 612.  The ICA recognizes three exceptions to

Brooks:  "(1) where the trial court required that the

defendant testify before only some of his witnesses,

(2) where the defendant's decision whether to testify

congealed before the trial court's action, and/or

(3) where the defendant himself created the exigency

for taking his testimony first."  State v. Kido, 102

Hawai'i 369, 376, 76 P.3d 612, 619 (Haw. Ct. App.

2003).

Here, at the close of the prosecution's case-

in-chief, which occurred at approximately 2:15 p.m. on

the first day of trial, Loher's trial counsel did not

have defense witnesses available to testify because he

did not realize the prosecution would finish so

quickly.  Resp.'s Ex. B2 at 158-59.  Trial counsel

requested that he be permitted to start his case the

next day that trial was scheduled because witnesses

would then be available.  Id. at 159.  The circuit

court decided to continue with the trial and ordered

that Loher testify first then call his other witnesses.

Id.  Trial counsel objected, stating:

> Mr. Loher does have a right not to testify
> and based on testimony of other witnesses,
> there may not be a need for him to testify
> if we can get everything we need from
> other people.
>
> So in this vein the Court is actually
> forcing him to take the stand because now
> we have nobody to call and you're saying,
> [w]ell, we can call Mr. Loher, but as a
> strategic manner in planning for our case,
> he was going to be the last witnesses I
> call, and depending how it went with the
> other witnesses, we may not need to call
> him because we can get everything that we
> need through the other witnesses.
>
> So, in fact, now that we're being forced
> to call him as first witness in a sense is
> prejudicial to Mr. Loher because he's
> being forced to testify when he, in
> essence, we had not decided fully whether
> or not he would testify for sure.

Id. at 160-61.  The circuit court found unpersuasive

trial counsel's arguments, stressing that it was trial counsel's responsibility to determine when witnesses would be available, and to know the substance of the witnesses' testimony so that he would know whether Loher should testify. Id. at 161. The circuit court further noted that Loher asserted an alibi that he was not present during the crime and that defense counsel had represented at some point that Loher would testify. Id. at 161-62. Following the circuit court ruling, and after consultation with Loher, trial counsel put Loher on the stand. Id. at 165.

At the evidentiary hearing on remand, trial counsel explained that Loher wanted to testify at trial:

> Well, from the beginning when I accepted the case we talked about the case and I knew going in that this case would probably go to trial. If I recall he had a previous conviction so it was almost certain that we were going to trial and right from the beginning he indicated to me that he was innocent, that he wanted to tell his story and so we prepared you know in that direction in anticipation of trial. And preparing for trial, we spoke many times. I went to visit him at OCCC,

23

> where I believe he was at the time.  And,
> each step of the way, you know, I
> consulted with him in a sense that well,
> you know, we discussed the case and this
> is the testimony that he wanted to explain
> his claim how it occurred.  So, we talked
> many times.  And it appears as to me he
> always wanted to testify to give his side
> of the events.

Resp.'s Ex. KK at 7.  Trial counsel testified that

it was necessary for Loher to testify to assert his

alibi defense.  Id. at 7, 15.  He also asserted that

Loher never told him before or during trial that he

wanted to remain silent; that he in fact wanted to

testify.  Id. at 9.  When queried about whether he had

originally intended to have Loher testify after all the

witnesses, trial counsel agreed that the initial

preference was for Loher to testify after witnesses.

Id. at 13.  However, trial counsel attested that

Loher's alibi witnesses (his wife and stepson)

testified as expected and that Loher's testimony was

necessary for details that only he could explain.  Id.

at 18.  And although he and Loher had planned for Loher

to testify after these witnesses, the change in

24

sequence did not change things much.  Id. at 11.


     Contrary to trial counsel's testimony, Loher
testified that he told trial counsel that he did not
want to testify, and the issue of him testifying had
never been raised prior to trial.  Resp.'s Ex. JJ at
15-16, 20.

     In its FOL & COL, the circuit court found that
Loher's testimony concerning his plan to remain silent
and not testify, which he purportedly told trial
counsel, was not credible.  Resp.'s Ex. LL at 2.  On
the other hand, the circuit court found credible trial
counsel's testimony about Loher's desire to tell the
jury his story, that Loher communicated a desire to
testify, and that Loher never indicated that he wanted
to remain silent.  Id. at 3.  The circuit court also
found that Loher made his decision to testify prior to
the trial court's ruling that he testify on the first
day of trial or not at all.  Id.

     The circuit court concluded that 1) Loher's

decision to testify congealed before the trial court's action; 2) that trial counsel created the exigency for taking Loher's testimony first; and 3) the delay in the case was not trifling. Id. at 5-6.

The ICA affirmed the FOF & COL, holding that the circuit court's findings were supported by substantial evidence. Loher IV, 2011 WL 2132828, at *9. Though acknowledging the conflict between trial counsel's argument at trial that Loher's decision to testify hinged on the testimony of the other witnesses, the ICA relied on the circuit court's credibility determinations from the evidentiary hearing, along with trial counsel's testimony at the evidentiary hearing concerning Loher's unequivocal decision to testify, to conclude that Loher's decision to testify congealed before the trial court's ruling.[7]    Id.   In addition,

---

[7]  Loher suggests that trial counsel's testimony at the evidentiary hearing was self-serving, and may have been an attempt by trial counsel to avoid accusations of ineffectiveness.  Loher's evidentiary hearing testimony could likewise be characterized as self-serving.  However, the Court will not speculate about trial counsel's motivation for testifying as he did, nor question the circuit court's findings about his or

26

the ICA agreed that the delay that would have been caused by forgoing the afternoon session of a short trial was not trifling, and that Loher created the exigency because his witnesses were not present to testify.  Id.

Loher argues that no reasonable jurist could conclude that Brooks was not violated.  Loher further contends that the ICA's decision was based on an unreasonable determination of the facts.  The Court disagrees.  The ICA considered the trial court record,[8] along with the testimony from the evidentiary hearing and the FOF & COL, in determining that the record supported a finding that there was no Brooks violation. Id.

In the present case, the order of testimony

───────────────

Loher's credibility.  The circuit court had an opportunity to assess both Loher and trial counsel's credibility and found trial counsel's testimony relevant to this Amended Petition to be credible.

[8] Loher argues that the ICA relied entirely on trial counsel's evidentiary hearing testimony.  This is not true.  The ICA considered the trial court record as well.  Loher IV, 2011 WL 2132828, at *9.

became an issue because Loher did not have witnesses
available to testify after the prosecuted rested, i.e.
he created the exigency.  Moreover, because the record
(with the exception of Loher's testimony from the
evidentiary hearing, which was found to be non
credible) reflects that Loher decided to testify to
share his side of the story and to establish his alibi
prior to the trial judge's ruling about the order of
defense witness testimony, the ICA's determination was
not contrary to Brooks.  Neither was the ICA's
application of Brooks to the facts of this case
objectively unreasonable.  Both the circuit court and
ICA had legitimate bases for concluding that this case
is distinguishable from Brooks because Loher decided to
testify no matter what prior to the trial court's
directive that he testify first.  See, e.g., United
States v. Leon, 679 F.2d 534, 538 (5th Cir. 1982)
("Brooks does not control here.  The judge was merely
trying to keep the trial from stalling in mid-
afternoon.  The record shows that counsel and Hicks had

already discussed the matter, and Hicks had decided to
testify.  Thus the Court's actions did not influence
the decision to testify.").


        Loher takes issue with the circuit court's
crediting of trial counsel's evidentiary hearing
testimony, and by extension the ICA's reliance on the
same.  However, this Court will not substitute its
judgment for that of the trial court, nor the ICA.
"Factual determinations by state courts are presumed
correct absent clear and convincing evidence to the
contrary."  Cooper v. Brown, 510 F.3d 870, 919 (9th
Cir. 2007) (quoting Miller-El v. Cockrell, 537 U.S.
322, 340 (2003)); see also 28 U.S.C. § 2254(e)(1)).
Clear and convincing evidence under § 2254(e) "requires
greater proof than preponderance of the evidence" and
must produce "an abiding conviction" that the factual
contentions being advanced are "highly probable."
Cooper, 510 F.3d at 919 (quoting Sophanthavong v.
Palmateer, 378 F.3d 859, 866 (9th Cir. 2004)).  The

presumption of correctness applies not only to express findings of fact, but also applies equally to unarticulated findings that are necessary to the state court's conclusions of mixed questions of fact and law. Id. (citing Marshall v. Lonberger, 459 U.S. 422, 433 (1983) (holding it proper to apply this presumption to a credibility determination which was implicit in the rejection of a defendant's claim)). Where there are two permissible views of the evidence, a fact finder's choice between them cannot be clearly erroneous. Id. (citing Amadeo v. Zant, 486 U.S. 214, 226 (1988)). For these reasons, Loher is not entitled to habeas relief on his Brooks claim.

Loher lastly argues that the Brooks error had a substantial and injurious effect on the outcome of the trial, or there is grave doubt about whether it did so. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). The Court is not persuaded. Loher has made no showing that his defense was prejudiced by the fact that he testified before his wife and stepson. Loher claims

30

that the prosecution's cross-examination of him was
more effective than it would have otherwise been
because the jury had not yet heard testimony confirming
his version of the events.  This is merely a conclusory
allegation without support in the record.  Indeed,
trial counsel testified that Loher's wife and stepson
testified as expected so the sequence of testimony did
not change things much.  Loher has not indicated how
his testimony might have changed if he testified last.
Neither does he argue that based on his wife and
stepson's testimony, he would have chosen not to
testify despite a previous representation to the trial
court that he would.  Even assuming *arguendo* that the
trial court erred, any such error was harmless under
the circumstances of this case.  There is simply no
evidence that the sequence of the defense testimony had
a "substantial and injurious effect" upon the verdict
in Loher's case.  Accordingly, Loher is not entitled to
habeas relief on his <u>Brooks</u> claim.

C.   <u>Ineffective Assistance of Appellate Counsel</u>

Finally, Loher raises an ineffective assistance
of appellate counsel for failure to raise the <u>Brooks</u>
claim on direct appeal.  It is Respondent's position
that the ineffective assistance of appellate counsel
was presented on state collateral review, but because
the basis for it (failure to raise the <u>Brooks</u> violation
on direct appeal) is without merit, there can be no
claim for ineffective assistance of counsel.

The two prong <u>Strickland v. Washington</u>, 466
U.S. 668 (1984) test applies to claims of ineffective
assistance of appellate counsel.  <u>Smith v. Robbins</u>, 528
U.S. 259, 285 (2000).  Under <u>Strickland's</u> two-part
test, a petitioner must show both that counsel's
representation fell below an objective standard of
reasonableness and that "there is a reasonable
probability," sufficient to undermine confidence in the
outcome, that "but for counsel's unprofessional errors,
the result of the proceeding would have been
different." <u>Strickland</u>, 466 U.S. at 688, 694.
"Surmounting *Strickland's* high bar is never an easy

32

task." <u>Padilla v. Kentucky</u>, 559 U.S. 356, 371 (2010).

"The likelihood of a different result must be

substantial, not just conceivable." <u>Harrington v.

Richter</u>, __ U.S. __, 131 S. Ct. 770, 792 (2011)

(citation omitted).  A petitioner must prove both

deficient performance and prejudice.  Courts may

consider either <u>Strickland</u> prong, and need not address

both if the petitioner fails one.  <u>Strickland</u>, 466 U.S.

at 697.

       As discussed above, Loher has failed to

demonstrate that his <u>Brooks</u> claim has merit.

Therefore, he cannot show he was prejudiced by

appellate counsel's failure to assert said claim on

direct appeal.  That is, even if Loher's appellate

counsel had raised the claim, the outcome of the appeal

would not have differed.  Loher is therefore not

entitled to relief on his ineffective assistance of

appellate counsel claim.

<u>CONCLUSION</u>

       In accordance with the foregoing, the Court

33

HEREBY FINDS AND RECOMMENDS that Loher's Amended
Petition be GRANTED IN PART AND DENIED IN PART.  The
Court recommends that the Amended Petition be GRANTED
as to Loher's <u>Apprendi</u> claim, and DENIED with respect
to his <u>Brooks</u> and ineffective assistance of appellate
counsel claims.  The Court further recommends that the
district court order the State of Hawaii to resentence
Loher in a manner consistent with this Findings and
Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 2, 2013.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 11-00731 LEK-KSC; <u>LOHER V. THOMAS</u>; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART AMENDED PETITION
UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY