IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANK O. LOHER, | ) | CIVIL 11-00731 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TODD THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO STAY LOHER'S RELEASE PENDING REVIEW OF THIS COURT'S ORDER GRANTING HABEAS CORPUS PETITION; AND DENYING PETITIONER'S MOTION FOR AN ORDER <u>DIRECTING THE STATE TO IMMEDIATELY RELEASE PETITIONER</u>**

On May 31, 2014, this Court issued its Order Granting Petitioner's Objections to Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody; Adopting in Part and Rejecting in Part the Magistrate Judge's Findings and Recommendation; Granting Petitioner's Amended Petition; and Ordering Respondent to Release Petitioner from Custody ("Habeas Order"). [Dkt. no. 28.[1]] The Habeas Order granted Petitioner Frank O. Loher ("Petitioner") relief, and directed Respondent Todd Thomas ("Respondent") to:

> release Petitioner within thirty days after the judgment in the instant case is filed, subject to appropriate release conditions, unless the State [of Hawai`i] elects to retry Petitioner. Further, the Court Orders Respondent to report to the district court, within sixty days after the

_____

[1] The Habeas Order is also available at 2014 WL 2450810.

> judgment in the instant case is filed, whether Petitioner was released or will be retried.

2014 WL 2450810, at *16.

On June 13, 2014, the Clerk of Court entered judgment. [Dkt. no. 30.] Also on June 13, 2014, Respondent filed his notice of appeal to the United States Court of Appeals for the Ninth Circuit. [Dkt. no. 29.] However, Respondent did not, at that time, move for a stay of the Habeas Order in either the district court or the Ninth Circuit.

On August 19, 2014, Petitioner filed his Motion for an Order Directing the State to Immediately Release Petitioner ("Motion to Release"), [dkt. no. 35,] arguing that Respondent failed to comply with the Habeas Order to inform the Court within sixty days of whether the State intended to release or retry Petitioner. See infra (quoting 2014 WL 2450810, at *16). On August 21, 2014, this Court issued an order to show cause as to why it should not order Petitioner's immediate release ("the OSC"). [Dkt. no. 37.] Also on August 21, 2014, Respondent filed his Report as to Whether Loher Will Be Released or Retried, Response to Motion for an Order Directing the State to Immediately Release Petitioner and Motion to Stay Loher's Release Pending Review of this Court's Order Granting Habeas Corpus Petition ("Motion to Stay"), in which he stated that the State intends to retry Petitioner if the Habeas Order is affirmed by the Ninth Circuit. [Dkt. no. 36.] On September 2, 2014,

Respondent filed his response to the OSC and, on September 3, 2014, Petitioner filed his reply. [Dkt. nos. 40, 41.]

This matter came on for hearing on September 22, 2014. After careful consideration of the Motion to Stay and the Motion to Release (collectively "Motions"), supporting and opposing memoranda, and the arguments of counsel, Respondent's Motion to Stay is HEREBY GRANTED and Petitioner's Motion to Release is HEREBY DENIED for the reasons set forth below.

## **STANDARD**

Federal Rule of Appellate Procedure 23(c) provides that, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision . . . orders otherwise – be released on personal recognizance, with or without surety." The United States Supreme Court has held that this creates a "presumption in favor" of release while a state appeals an order granting habeas relief. Hilton v. Braunskill, 481 U.S. 770, 777 (1987); see also Haggard v. Curry, 631 F.3d 931, 934 (9th Cir. 2010) ("there is a presumption of release from custody of a successful habeas petitioner pending appeal" (citation and quotation marks omitted)).

The presumption "may be overcome if the traditional stay factors tip the balance against it." Hilton, 481 U.S. at 777. Those factors are: "(1) whether the stay applicant has made

a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776 (citations omitted); see also Haggard, 631 F.3d at 934.  Further, "the formula cannot be reduced to a set of rigid rules," and thus "the possibility of flight" and "danger to the public" may be considered.  Hilton, 481 U.S. at 777.

## **DISCUSSION**

The Court recognizes that Petitioner has a significant interest in his immediate release.  It has found that his constitutional rights were violated and has granted him habeas relief on that basis.  This is the reason for the presumption in favor of his release.  See Hilton, 481 U.S. at 777.  Related, there is a public interest in Petitioner's immediate release since the purpose of the habeas procedure is to insure that the judiciary and bar afford citizens their constitutional rights.

Further, the Court finds that the first factor – likelihood of success – weighs in favor of Petitioner as well. In the Motion to Release and Respondent's memoranda related to the Motions, as well as at the hearing, Respondent's counsel has not offered any new arguments, or legal or factual bases, that provide a strong showing that Respondent will succeed on appeal.

4

While Respondent argues that, if his appeal fails, he has a strong likelihood of prevailing at trial, [Motion to Stay at 5-6,] success at trial does not bear on the decision of whether to grant the Motion to Stay.  Thus, the first factor weighs in favor of Petitioner, and the fourth factor provides some support for release.

However, Petitioner's interest in immediate release is outweighed by the potential irreparable injury to Respondent and the community, due to Petitioner's risk of flight and dangerousness.  First, if Petitioner was released, and the Ninth Circuit was to reverse the Habeas Order, Petitioner would be required to return to prison.  Respondent has represented that Petitioner has violated parole numerous times and was convicted of Escape in the Second Degree in violation of Haw. Rev. Stat. § 710-1021 for intentionally escaping from custody.  Further, Petitioner does not have any ties to Hawai`i at this point since he is estranged from his wife and family.  Petitioner's counsel does not deny these points, but argues that electronic monitoring with global positioning would ameliorate any flight concerns.  The Court finds this argument unpersuasive insofar as Petitioner may again attempt to escape, even if he is not successful.

Second, the Court is in receipt of a detailed report regarding Petitioner and his criminal history, put together by the United States Probation Office for the District of Hawai`i,

5

which shows that Petitioner poses a danger to the community.[2]
While Petitioner argues that the criminal events for which he was
convicted occurred well over fifteen years ago, he has not at any
point attempted to deny that he is a repeat offender, whose
violent crimes included multiple sexual assault of minors.  And,
as noted above, Petitioner has not abided by release requirements
in the past and has fled law enforcement.  Although these issues
may, in the future, need to be addressed in creating proper and
secure release conditions, and obtaining housing and potential
employment opportunities for Petitioner, the danger Petitioner
poses to the community at this time weighs in favor of
maintaining the status quo at present.  Further, the Court is
concerned about Petitioner's ability to physically and
emotionally adjust in the short-term upon release, and due to the
compressed time line of the appeal, it may not be in his best
interest to order immediate release without proper supports
before the appeal is decided.

     For all of these reasons, the Court FINDS that the
factors weigh in favor of Respondent and overcome the presumption
of release.  The Court therefore GRANTS Respondent's Motion to

---

[2] At the hearing, Respondent offered two large binders of materials related to Petitioner's convictions and police reports as exhibits.  These materials were not considered in deciding the Motions and, as requested by Petitioner's counsel, were not entered on the docket.  Subsequently, the Court destroyed the materials.

Stay pending his Ninth Circuit appeal, and DENIES Petitioner's Motion to Release.[3]

**CONCLUSION**

On the basis of the foregoing, Respondent's Motion to Stay Loher's Release Pending Review of this Court's Order Granting Habeas Corpus Petition, filed August 21, 2014, is HEREBY GRANTED, and Petitioner's Motion for an Order Directing the State to Immediately Release Petitioner, filed August 19, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 24, 2014.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**FRANK O. LOHER VS. TODD THOMAS; CIVIL 11-00731 LEK-KSC; ORDER GRANTING RESPONDENT'S MOTION TO STAY LOHER'S RELEASE PENDING REVIEW OF THIS COURT'S ORDER GRANTING HABEAS CORPUS PETITION; AND DENYING PETITIONER'S MOTION FOR AN ORDER DIRECTING THE STATE TO IMMEDIATELY RELEASE PETITIONER**

---

[3] At the hearing, Petitioner's counsel requested that Petitioner be transferred from the Halawa Correctional Facility to the Federal Detention Center to facilitate his representation during the appeal. Respondent did not object. Insofar as the two institutions are able to accommodate the transfer, the Court recommends that Petitioner's request be granted.