IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
FRANK O. LOHER,                )    CIVIL 11-00731 LEK-KSC
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
TODD THOMAS,                   )
                               )
          Defendant.           )
_____ )
```

**OUTLINE OF COURT'S ORDER REGARDING**
**ISSUES ON REMAND FROM THE NINTH CIRCUIT**

On May 7, 2012, Petitioner Frank O. Loher
("Petitioner") filed an Amended Petition Under 28 U.S.C. § 2254
for Writ of Habeas Corpus by a Person in State Custody ("§ 2254
Petition"). [Dkt. no. 16.] On May 31, 2014, the Court issued
its Order Granting Petitioner's Objections to Magistrate Judge's
Findings and Recommendation to Grant in Part and Deny in Part
Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus
by a Person in State Custody; Adopting in Part and Rejecting in
Part the Magistrate Judge's Findings and Recommendation; Granting
Petitioner's Amended Petition; and Ordering Respondent to Release
Petitioner From Custody ("5/31/14 Order"). [Dkt. no. 28.[1]] The
Clerk's Office entered judgment on June 13, 2014, and Respondent
Todd Thomas ("Respondent") filed a Notice of Appeal the same day.
[Dkt. nos. 30, 29.] On June 17, 2016, the United States Court of

_____

[1] The 5/31/14 Order is also available at 23 F. Supp. 3d
1182.

Appeals for the Ninth Circuit issued its opinion ("Opinion").[2]
[Dkt. no. 48.[3]]

        The Ninth Circuit held that: (1) "the Hawaii ICA's
rejection of Loher's Brooks [v. Tennessee, 406 U.S. 605 (1972),]
claim was not objectively unreasonable"; (2) "[b]ecause Hawaii
has failed to argue this independent IAAC issue specifically and
distinctly, it has waived its challenge to the district court's
grant of relief on Ground II";[4] and (3) "[t]he State's failure to

_____

        [2] It is worth briefly reviewing the relevant history of this
case.  The Hawai`i Intermediate Court of Appeals ("ICA") affirmed
Petitioner's conviction on April 21, 2003.  State v. Loher, No.
24489, 2003 WL 1950475 (Hawai`i Ct. App. Apr. 21, 2003) ("Loher
I").  Petitioner filed a Haw. R. Penal P. 35 petition, which was
denied by the ICA on February 11, 2005.  State v. Loher, No.
26000, 2005 WL 335234 (Hawai`i App. Ct. Feb. 11, 2005) ("Loher
II").  On October 18, 2005, Petitioner filed a Haw. R. Penal P.
40 petition, which was rejected by the circuit court.  The ICA
affirmed the circuit court's decision, except that it remanded to
the circuit court for an evidentiary hearing on Petitioner's
ineffective assistance of appellate counsel ("IAAC") claim.
Loher v. State, 118 Hawai`i 522, 193 P.3d 438 (Ct. App. 2008)
("Loher III").  Finally, the ICA affirmed the circuit court's
finding on remand that Petitioner's appellate counsel was not
ineffective.  Loher v. State, No. 29818, 2011 WL 2132828 (Hawai`i
Ct. App. May 31, 2011) ("Loher IV").

        [3] The Opinion is also available at 2016 WL 3361545.

        [4] The IAAC claim concerns Petitioner's appellate counsel's
failure to raise a Brooks claim on direct appeal.  See Loher, 23
F. Supp. 3d at 1200.  In the Opinion, the majority states:

                Loher IV decided that Loher's Brooks claim was not
                meritorious on the basis of the post-conviction
                record, and Section III of this opinion merely
                concludes that such decision was not **objectively
                unreasonable**.  That is a low bar to clear.
                Moreover, Section III says nothing about Loher
                                                     (continued...)

2

object and its affirmative invitation to adopt the magistrate's recommendation constitute waiver of its challenge to Loher's Apprendi [v. New Jersey, 530 U.S. 466 (2000),] claim." Loher, 2016 WL 3361545, at *9, 13-14. The Ninth Circuit also offered the Court guidance on how to proceed on remand:

> B
>
>     . . . . Because the writ will now be granted
> solely with respect to the Apprendi and IAAC
> claims, a new trial would no longer be tailored to
> such constitutional violations and would
> improperly grant Loher a windfall. As a result,
> on remand, the district court's conditional writ
> should not require the state to release or retry
> Loher.
>
> C
>
>     We conclude that the appropriate remedy for a
> sentencing error such as an Apprendi violation is
> resentencing "utilizing a constitutionally sound
> procedure." See Chioino [v. Kernan], 581 F.3d
> [1182,] 1186 [(9th Cir. 2009)] (concluding that
> resentencing by the state trial court is the
> appropriate remedy for a violation of Apprendi's
> progeny, Cunningham v. California, 549 U.S. 270,

---

[4](...continued)
IV's conclusion that Loher would not have
prevailed in his original direct appeal, based on
the trial record, if his counsel had raised a
Brooks claim or Loher IV's consideration of
evidence outside the trial record for such
prejudice analysis. To the extent that the
district court's remedy requires the State and the
state courts to expend resources to address
Loher's Brooks claim, the blame will like squarely
with the State for failing to argue for reversal
of the district court's grant of the writ with
respect to Loher's IIAC claim.

Loher, 2016 WL 3361545, at *15 n.14.

127 S. Ct. 856, 166 L. Ed. 2d 856 (2007)).

D

The appropriate remedy is not as clear for ineffective assistance of appellate counsel. The district court should consider the appropriate remedy in light of supplemental briefing. On remand, we suggest that the district court consider <u>Robbins v. Smith</u>, 152 F.3d 1062, 1068-69 (9th Cir. 1997); *rev'd on other grounds*, 528 U.S. 259, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000); <u>Lynch v. Dolce</u>, 789 F.3d 303, 320 (2d Cir. 2015) ("In general, the appropriate remedy for ineffective assistance of appellate counsel is to grant a new appeal."); and, obviously, any other authorities that the parties bring to its attention.

In conclusion, we remand to the district court with instructions to modify its conditional writ to require Hawaii to release Loher or to provide him with resentencing within a reasonable period of time. In addition, the district court should consider what additional condition is required to remedy the ineffective assistance of Loher's appellate counsel.

<u>Id.</u> at *14-15 (footnotes omitted).

In <u>Robbins</u>, the Ninth Circuit held:

Because the district court should have addressed the claims of trial error first, it might not have needed to address Robbins's claims of appellate error as well. Because it did address the appellate claims, however, and because it decided those questions correctly, it is in the interest of judicial economy and efficiency to affirm them now. If trial error is found to have occurred and to require vacation of the conviction, the appellate errors will become immaterial. If no such trial errors are found, however, the district court's original order will again become applicable. <u>Cf.</u> <u>Penson [v. Ohio]</u>, 488 U.S. [75,] 88-89, 109 S. Ct. 346 [(1988)] (the actual or constructive denial of assistance of counsel is presumed to result in prejudice);

4

> Lombard [v. Lynaugh], 868 F.2d [1475,] 1487 [(5th
> Cir. 1989)] (formal physical presence of appellate
> attorney is not appellate counsel; defendant
> constructively denied assistance of counsel where
> attorney filed document containing no arguments
> going to merits of appeal).

152 F.3d at 1069, *rev'd on other grounds*, 528 U.S. 259 (2000).

In <u>Lynch</u>, the Second Circuit reasoned:

> In general, the appropriate remedy for
> ineffective assistance of appellate counsel is to
> grant a new appeal. <u>See, e.g.</u>, <u>Claudio [v.
> Scully]</u>, 982 F.2d [798,] 806 [(2d Cir. 1992)]; <u>but
> see</u> <u>Ramchair v. Conway</u>, 601 F.3d 66, 78 (2d Cir.
> 2010). We do so here. However, because Lynch has
> already served a 10-year term of imprisonment,
> which, for the reasons discussed above, was
> properly imposed for his convictions for **second**-
> and **third**-degree robbery, he remains incarcerated
> solely on the flawed first-degree robbery
> conviction. Thus, if we simply ordered a new
> appeal without more, Lynch would remain imprisoned
> based on a conviction, that the Appellate Division
> is likely to reverse, after an appeal that could
> easily consume much of the time remaining on his
> sentence for the first-degree robbery conviction.
> Accordingly, in light of the unusual circumstances
> of this case and the prolonged delay in Lynch's
> first direct appeal, we instruct the district
> court to order Lynch released pending his new
> appeal. <u>See</u> <u>Mathis v. Hood</u>, 937 F.2d 790, 796 (2d
> Cir. 1991).

789 F.3d at 320. The Second Circuit reversed the district court,

and remanded the case "with instructions to issue a writ of

habeas corpus, unless, within one week of our mandate," *inter*

*alia*, the State reinstated petitioner's direct appeal and

released him from custody. <u>Id.</u>

At a status conference on August 15, 2016, both

Petitioner's counsel and Respondent's counsel agreed that, here,

Petitioner's IAAC claim should be addressed first.[5]  Respondent's counsel represented that, when the _Apprendi_ violation occurred, Petitioner was already serving a sentence for a prior conviction. Further, in this case, apart from the extended sentence imposed by the trial judge, Petitioner received a mandatory minimum sentence to run consecutive to his already-existing sentence. Thus, according to Respondent, Petitioner is not eligible for parole until 2024.  Given the representations of counsel on both sides, the facts of this case, and in lieu of supplemental briefs, the Court will first address Petitioner's IAAC claim by ordering the reinstatement of his direct appeal.  If Petitioner's direct appeal is unsuccessful, Petitioner may still seek relief based upon his _Apprendi_ claim.

The Court therefore ORDERS Respondent to release Petitioner unless Respondent:  files a motion to vacate _Loher IV_ within twenty-one days of the filing of this Order; and reinstates Petitioner's direct appeal on the _Brooks_ issue within ninety days of the filing of this Order.

## CONCLUSION

The foregoing is an outline of the Court's Order of the issues on remand from the Ninth Circuit.  Respondent shall submit any changes or corrections by no later than **August 30, 2016**.

---

[5] Petitioner's counsel represented that, if Petitioner's direct appeal is reinstated and it is successful, the issue of resentencing would be moot.

Petitioner shall submit any changes or corrections, as well as any objections to Respondent's changes, by **September 6, 2016**. The Court will thereafter issue its final order in this matter. In the event that the parties do not respond as ordered, this outline shall be deemed the Court's final order.

IT IS SO ORDERED

DATED AT HONOLULU, HAWAII, August 24, 2016.



                    /s/ Leslie E. Kobayashi
                    Leslie E. Kobayashi
                    United States District Judge

**FRANK O. LOHER VS. TODD THOMAS**; CV 11-00731 LEK-KSC; OUTLINE OF COURT'S ORDER REGARDING ISSUES ON REMAND FROM THE NINTH CIRCUIT